**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL S. HENRY and DOREEN H. LEE,<br><br>         Plaintiffs - Appellants,<br><br>  v.<br><br>HOMECOMINGS FINANCIAL; et al.,<br><br>         Defendants - Appellees. | No. 09-15152<br><br>D.C. No. 2:08-CV-02029-JAM-DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 5, 2010[**]

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

Michael S. Henry and Doreen H. Lee appeal pro se from the district court's

judgment dismissing with prejudice their action against various defendants for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleged constitutional violations in auctioning their home through foreclosure proceedings. Appellants also challenge the order denying their request for consolidation with another action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal without leave to amend, *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004), and for abuse of discretion a denial of a motion for consolidation, *Washington v. Daley*, 173 F.3d 1158, 1169 n.13 (9th Cir. 1999). We affirm.

The district court properly dismissed Henry's and Lee's Supremacy Clause claim because they failed to allege that any defendant's role in instituting foreclosure proceedings or auctioning their home at a public sale was pursuant to a state law which conflicted with federal law. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989) (stating that the Supremacy Clause "is not a source of any federal rights; it secures federal rights by according them priority whenever they come in conflict with state law.").

The district court also properly dismissed Henry's and Lee's Fourteenth Amendment Due Process Clause claim because they failed to allege any state action to which this Clause could apply. *See United States v. Morrison*, 529 U.S. 598, 621 (2000) (stating that the Fourteenth Amendment "erects no shield against

merely private conduct, however discriminatory or wrongful.") (internal quotation marks, citations, and brackets omitted).

The district court did not abuse its discretion in denying Henry's and Lee's request for consolidation because they were not entitled to add claims and defendants to their existing action by trying to consolidate it with another action instead of by seeking leave to amend it. *See* Fed. R. Civ. P. 15(a). We grant appellees' requests for judicial notice of two documents related to the consolidation issue.

Henry's and Lee's remaining contentions are unpersuasive.

**AFFIRMED.**